# EXHIBIT "A"

FILED
Deanne Romo
CLERK, SUPERIOR COURT
08/03/2020  1:29PM
BY: TBAKURZA
DEPUTY

Case No.: S0900CV202000296
HON.  SALINE, JON H

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF NAVAJO**

| | |
|---|---|
| | Case No: |
| Peter Strojnik, | **COMPLAINT** |
| Plaintiff, | **1. Americans with Disabilities Act** |
| vs. | **2. Negligence** |
| WMH Enterprises, LLC. dba Hampton Inn & Suites | **3. Negligent Misrepresentation** |
| Defendant. | **4. Failure to Disclose** |
| | **5. Fraud / Consumer Fraud** |
| | **6. Consumer Fraud – Brand Deceit** |
| | **JURY TRIAL REQUESTED** |

**INTRODUCTION**

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. While Congress attempted to provide individuals with disabilities with the same level of protection as "individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age", 42 U.S.C. §12101 (a)(4), this lofty congressional goal has been ignored by most, including this Defendant.

2. ADA violators' failure to accommodate the disabled has been largely accepted in today's America. During the 30 year life of the ADA, offenders have infused themselves into every capillary of the social body in order to portray the disabled as inconsequential throwaway family of individuals not worthy of equal access. They whispered and sniveled their segregationist views into the ears of the media and the

general polity, attorneys general and state legislators, news editors and lawyer associations. They have been amazingly successful.

3. But the measure of equal protection "for which our free society is justifiably famous", 42. U.S.C. §12101(a)(8), does not permit consideration of the prevailing public bias. As in the case of 1963 Alabama when George Wallace infamously declared "segregation now, segregation tomorrow, segregation forever"[1] which became a rallying cry for those opposed to integration and the Civil Rights Movement, so does today's public sentiment view segregationist public accommodation with conscious indifference. With respect to the ADA, setting aside silent biases is a hard way of achieving integration, but it is the only way that works.

4. Therefore, Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Negligence, (3) Negligent Misrepresentation, (4) Failure to Disclose, (5) Fraud / Consumer Fraud and (6) Consumer Fraud – Brand Deceit.

**PARTIES**

5. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

6. Defendant owns, operates leases or leases to a lodging business located at 1501 E. Woolford, Show Low, AZ 85901 ("Hotel").

**JURISDICTION AND VENUE**

7. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping,

---

[1] 1963 inaugural address.

working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[2].

10. These barriers impair Plaintiff's full and equal access to the Hotel.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

12. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

---

[2] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

a. **Affect** neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.



18. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.

19. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | RELATION |
| --- | --- |

| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
|---|---|---|---|---|---|
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |

| | | | | carrying stuff and working. | |
|---|---|---|---|---|---|
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging where he desires to book a room to both:

    1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

    2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[3]:

    (i) Operable parts [205[4], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[3] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[4] Bracketed numbers refer to Standards for Accessibility Design.

7

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)   Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)   Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort

when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

24. The reproduction of relevant booking website in Table 2 discloses the following representations and disclosures:

| WEBSITE DISCLOSURES AND REPRESENTATIONS |
| --- |
| https://www.hilton.com/en/hotels/sowazhx-hampton-suites-show-low-pineton/?SEO_id=GMB-HP-SOWAZHX |
| **Available accessible features include:**<br><br>• Accessible<br>• Accessible business center<br>• Accessible concierge desk<br>• Accessible exercise facility<br>• Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width<br>• Accessible hotel restaurant<br>• Accessible parking<br>• Accessible parking spaces for cars in the self-parking facility<br>• Accessible public entrance<br>• Accessible registration desk |

- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to at least one restaurant
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible route from the hotel's accessible public entrance to the spa
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool
- Closed captioning on televisions or closed captioning decoders
- Hotel complies with the Americans with Disabilities Act of 1990
- Public Areas/Facilities accessible for physically challenged
- Rooms accessible to wheelchairs (no steps)
- Service animals welcome
- TTY for guest use
- Van-accessible parking in the self-parking facility

**The following features aren't available:**

- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Valet only parking

|  |
| --- |
| Table 2. |

25. The information disclosed in Hotel's Booking Website. Table 2, includes the following misrepresentations of fact:

   a. That the Hotel is accessible.  This representation is false as evidenced in Table 3 below.

   b. That the Hotel has accessible parking. This representation is false as evidenced in Table 3 below.

   c. That the hotel has accessible public entrance. This representation is false as evidenced in Table 3 below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

d. That the hotel has accessible swimming pool. This representation is false as evidenced in Table 3 below.

26. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).

**PERSONAL ENCOUNTERS WITH BARRIERS**



**Identification.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accessible parking too steep – uneven surface.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accessible parking not closest to entry.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible sign too low.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**No marked passenger loading zone.**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Accessible parking too steep.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No ramp to waiting bench.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



**Inaccessible spa.**

20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



**Inaccessible pool.**

22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Flush control wrong side in pool restroom**

**3s closing time to accessibe batroom.**

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about May 23, 2020.

27. Plaintiff is deterred from booking a room at the Hotel because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

22

28. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Hotel.

29. The removal of barriers is readily achievable.

30. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H. All other relief susceptible of proof based on the allegations.

## COUNT TWO
### Negligence and Negligence Per Se

31. Plaintiff realleges all allegations heretofore set forth.

32. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

33. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

34. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

35. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

36. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

37. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

38. Defendant breached this duty.

39. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

40. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

41. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

42. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $135,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT THREE
### Negligent Misrepresentation

43. Plaintiff realleges all allegations heretofore set forth.

44. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

45. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

46. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

47. Plaintiff justifiably relied on Defendant's false representation.

48. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT FOUR**
Failure to Disclose Accurate Information

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

53. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

54. The compliance with the ADA is a fact basic to the transaction.

55. Defendant failed to make the necessary disclosures.

56. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

57. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

58. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

59. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant failed to disclose information; and

B. For damages in the amount requested; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper.

**COUNT FIVE**
Fraud
Common Law and Consumer

60. Plaintiff realleges all allegations heretofore set forth.

61. Defendant made representation(s) as alleged in Table 2 above.

62. The representation(s) were material.

63. The representation(s) were false.

64. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

65. Defendant intended that Plaintiff rely on the false representation(s).

66. Plaintiff reasonably relied on the misrepresentation(s).

67. Plaintiff has a right to rely on the misrepresentation(s).

68. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

69. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

70. Hotel rooms are "merchandise" as this term is defined in A.R.S. §44-1521(5).

71. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

72. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

73. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT SIX**
Consumer Fraud - Brand Deceit

74. Plaintiff realleges all allegations heretofore set forth.

75. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names

1  such as "Holiday Inn", "Hilton", "Hyatt", "Marriott" in order to hide the true
2  ownership and operational management of the hotel or motel.

3  76. One way this deceptive self-identification is communicated to the guests and potential
4  guests is through actual identification on the property itself. For example, Defendant
5  WMH Enterprises, LLC, identifies itself as a Hampton Inn & Suites:





77. WMH Enterprises, LLC is not Hampton Inn & Suites. The misidentification is necessary because general public, including Plaintiff, identify Hampton Inn & Suites with Hilton, a lodging giant with a higher degree of lodging standard and general integrity than WMH Enterprises, LLC.

78. Another way Defendant misidentifies itself is thorough its booking website by claiming that it is really a part of the Hilton family of hotels:

79. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel  room at a national brand name property when they are in fact booking a room with an unknown owner and an

29

1    unknown operator. Strojnik justifiably relied on WMH Enterprises, LLC's false self-

2    identification to his damage.

3    80. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was

4    damaged thereby in an amount of no less than $35,000.00.

5    81. Defendant either intended to cause injury to Plaintiff or defendant consciously

6    pursued a course of conduct knowing that it created a substantial risk of

7    significant harm to Plaintiff.

8    82. Defendant is liable to Plaintiff for punitive damages in an amount to be proven

9    at trial sufficient, however, to deter this Defendant and others similarly situated

10   from pursuing similar acts but in no event less than $135,000.00.

11   **WHEREFORE,** Plaintiff prays for relief as follows:

12       A. For finding of that Defendant failed to disclose information; and

13       B. For damages in the amount requested; and

14       C. For punitive damages in the amount requested; and

15       D. For such other and further relief as the Court may deem just and proper.

16   **PUNITIVE DAMAGES AWARD IS NECESSARY IN THIS CASE**

17   83. Factors for consideration include:

18       a. Reprehensibility of Defendants' conduct; and

19       b. The severity of the harm likely to result, i.e. segregation of persons with disabilities;

20       and

21       c. The actual segregation of Plaintiff from the rest of the traveling public; and

22       d.  The duration of the misconduct is over 30 years and

23       e. Defendants' were fully aware of their own illicit maintenance of hotels; and

24       f.  Particularly where compensatory damages may be low, "the need for punishment

25       or deterrence may be increased by reason of the very fact that the defendant will

26       have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761,

27       767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* §

28       3.11(10), at 515-16 (2d ed. 1993))).

84. These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 3rd day of August, 2020

**PETER STROJNIK**

Peter Strojnik
Plaintiff

31

# EXHIBIT "B"

**PROOF OF SERVICE**

| Case: | Court: | | |
|---|---|---|---|
| S0900CV202000296 | NAVAJO COUNTY SUPERIOR COURT | County:<br>Navajo, AZ | Job:<br>4767833 (1908) |
| Plaintiff / Petitioner:<br>PETER STROJNIK | | Defendant / Respondent:<br>WMH ENTERPRISES, LLC | |
| Received by:<br>Service Associates, LLC | | For:<br>STROJNIK | |
| To be served upon:<br>WMH Enterprises LLC | | | |

I, Tadd McCarley, being duly sworn, depose and say; I am over the age of 21 years and not a party to this action, and that within the boundaries of the State of Arizona, where service was effected, I was/am authorized by law to make service of the documents and inform said person of the contents herein

**Recipient Name / Address:** SHANE SHUMWAY, BROTHER OF STEVEN SHUMWAY AND GENERAL MANAGER OF HAMPTON HOTEL, A WMH PROPERTY, HAMPTON INN - SHOW LOW: 1501 E WOOLFORD RD, SHOW LOW, AZ 85901

**Manner of Service:** Corporation, Aug 12, 2020, 3:32 pm MST

**Documents:** SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION (Received Aug 10, 2020 at 10:08am MST)

**Additional Comments:**
1) Unsuccessful Attempt: Aug 10, 2020, 3:53 pm MST at HOLIDAY INN EXPRESS-SHOW LOW: 151 W DEUCE OF CLUBS, SHOW LOW, AZ 85901
I WENT TO THE ADDRESS PROVIDED, WHICH IS THE HOLIDAY INN EXPRESS IN SHOW LOW BUT THE DESK MANAGER TOLD ME THAT THIS HOTEL WAS NO LONGER OWNED BY THE SHUMWAYS AND THAT STEVEN SHUMWAYS OFFICE IS NOW IN THE HAMPTON INN- SHOW LOW.

2) Successful Attempt: Aug 12, 2020, 3:32 pm MST at HAMPTON INN - SHOW LOW: 1501 E WOOLFORD RD, SHOW LOW, AZ 85901
Documents were received by SHANE SHUMWAY, BROTHER OF STEVEN SHUMWAY AND GENERAL MANAGER OF HAMPTON HOTEL, A WMH PROPERTY. Age: 39; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 6'; Hair: Bald; Eyes: Brown; Other: A VERY IMPORTANT MAN, AND HAS THE AUTHORITY TO ACCEPT DOCUMENTS FOR WMH ENTERPRISES;

STEVEN SHUMWAY IS OUT OF TOWN BUT HIS BROTHER, SHANE SHUMWAY IS GENERAL MANAGER OF THE HAMPTON INN, A WMH PROPERTY, AND IS AUTHORIZED TOM ACCEPT DOCUMENTS FOR THE CORPORATION. I SERVED HIM

Tadd McCarley    8/13/20
Tadd McCarley          Date
NV201900002

Service Associates, LLC
P.O. Box 3771
Show Low, AZ 85902
928-251-1425

**FILED**
AUG 1 3 2020
NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

1908

# EXHIBIT "C"

Text Size: A A A

| Case Search | Minute Entry Search | Case Notification | Help |

Home / Case Search

## Public Access to Court Information

### Case Search



Printer Friendly Version

<< return to search results

new case search >>

Case Information

| | | | |
|---|---|---|---|
| Case Number: | **S-0900-CV-202000296** | | |
| Title: | PETER STROJNIK PLAINTIFF vs | Category: | Civil |
| Court: | Navajo County Superior | Filing Date: | 8/3/2020 |
| Judge: | | Disposition Date: | |



**PETER STROJNIK**   PLAINTIFF  - P 1

**WMH ENTERPRISES, LLC**   DEFENDANT  - D 2

**WMH ENTERPRISES, LLC**   DEFENDANT  - D 1



Case Activity

| Date | Description | Party |
|---|---|---|
| 8/13/2020 | SERVICE: Proof of Service | D 2 |
| 8/3/2020 | COMPLAINT: Complaint | P 1 |
| 8/3/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 8/3/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 8/3/2020 | SUMMONS: SUMMONS | P 1 |
| 8/3/2020 | SUMMONS: SUMMONS | P 1 |

### Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**
The following case types are excluded from search results: sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall be not liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through

this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

Privacy Policy          Website Accessibility Policy              Contact Us                          © 2020 Arizona Supreme Court. All Rights Reserved.

# EXHIBIT "1"

1  James M. Mack
2  James M. Mack, PLC
   State Bar No. 009505
3  2 North Central Ave., Suite 1800
   Phoenix, Arizona 85004
4  (602) 343-2710
5  jmack1@cox.net

6  Attorney for Plaintiff
7

8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
9
10                IN AND FOR THE COUNTY OF MARICOPA

11  EZ VENTURES, INC. an Arizona          )   No.   CV2020-005931
    corporation,                          )
12                                        )   **SUMMONS**
                                          )
13              Plaintiff,                )
                                          )
14  v.                                    )
                                          )
15                                        )   If you would like legal advice from a lawyer,
    PITACORP, INC., an Arizona            )   Contact the Lawyer Referral Service at
16  corporation,                          )   602-257-4434
                                          )   or
17                                        )   www.maricopalawyers.org
              Defendant.                  )   Sponsored by the
18                                        )   Maricopa County Bar Association
                                          )
19  _____       )

20
21       WARNING: This is an official document from the court that affects your rights.
    Read this carefully. If you do not understand it, contact a lawyer for help.
22
23  **FROM THE STATE OF ARIZONA TO:**
24
                              **Stephanie Marr**
25                          **Statutory Agent for**
                                **Pitacorp, Inc.**
26                          **1045 East Monroe**
                              **Globe, AZ 85501**
27

28                               Page 1 of 4

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons."

2. If you do not want judgment or order taken against you without your input, you must file an "Answer" or a "Response" in writing with the court, and pay the filing fee. If you do not file an "Answer" or "Response" the other party may be given the relief requested in his/her Petition or Complaint. To file your "Answer" or "Response" take, or send, the "Answer" or "Response" to the

Office of the Clerk of the Superior Court, 201 W. Jefferson St., Phoenix, AZ 85003 – 2205 **OR**

Office of the Clerk of the Superior Court, 14264 W. Tierra Buena Lane., Surprise, AZ 85374 **OR**

Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, AZ 8585032 **OR**

Office of the Clerk of the Superior Court, 222 East Javelina Ave., Mesa, AZ 85210 Mail a copy of your "Answer or "Response" to the other party at the address listed on the top of this Summons.

3. If this Summons and other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Answer" or "Response" must be filed within **TWENTY (20) CALENDAR DAYS** from the date you were served, not counting the day you were served. If this Summons and the other court papers

were served on you by registered process server or the Sheriff outside the State of

Arizona, your "Answer" or "Response" must be filed within **THIRTY (30)**

**CALENDAR DAYS** from the date you were served, not counting the day you were

served. Service by registered process server or the Sheriff is complete when made.

Service by Publications complete thirty (30) days after the date of first publication.

      4. You can get a copy of the court papers filed on this case from the

Plaintiff/Attorney listed at the address of the top of this paper, or from the Clerk of the

Superior Court Customer Service Center at:

      601 W. Jackson, Phoenix, AZ 85003 – 2205

      14264 W. Tierra Buena Lane., Surprise, AZ 85374

      18380 North 40th Street, Phoenix, AZ 8585032

      222 East Javelina Ave., Mesa, AZ 85210

      5. Requests for reasonable accommodation for persons with disabilities must be

made to the division assigned to the case by the party needing the accommodation or

his/her counsel at least three (3) judicial days in advance of a scheduled court proceeding.

      6. Requests for an interpreter for persons with limited English proficiency  must be

made to the division assigned to the case by the party needing the interpreter or translator

or his/her counsel at least ten (10) judicial days in advance of a scheduled court

proceeding.

      7. Eviction Actions/Forcible Detainers: If you want to request a telephone hearing,

please contact the judge assigned to your case. If you do not know your assigned judge, or have not been assigned a judge, please contact Civil Court Administration at 602-506-1497.

SIGNED AND SEALED this date: _____, 2020.


Jeff Fine, Clerk of the Superior Court

COPY

By: _____
    Deputy Clerk

MAY 19 2020

CLERK OF THE SUPERIOR COURT
L. GROENEVELD
DEPUTY CLERK

Page 4 of 4

# EXHIBIT "2"

COPY

MAY 1 9 2020

CLERK OF THE SUPERIOR COURT
L. GROENEVELD
DEPUTY CLERK

1  James M. Mack
2  James M. Mack, PLC
   State Bar No. 009505
3  2 North Central Ave., Suite 1800
4  Phoenix, Arizona 85004
   (602) 343-2710
5  jmack1@cox.net

6
   Attorney for Plaintiff
7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
9
            **IN AND FOR THE COUNTY OF MARICOPA**
10

11  EZ VENTURES, INC. an Arizona          )     No.   CV2020-005931
    corporation,                          )
12                                        )
                                          )
13              Plaintiff,                )     **CERTIFICATE ON
                                          )     COMPULSORY ARBITRATION**
14  v.                                    )
                                          )
15  PITACORP, INC., an Arizona            )
16  corporation,                          )
                                          )
17              Defendant.                )
                                          )
18                                        )
19  ————————————————————                  )

20

21       The undersigned certifies that he knows the dollar limits and any other limitations

22  set forth by the local rules of practice for the applicable superior court, and further

23  certifies that this case is not subject to compulsory arbitration, as provided by Rules 72

24
    through 77 of the Arizona Rules of Civil Procedure.
25

26       RESPECTFULLY SUBMITTED this 12 day of May, 2020.

27

28

1

2      James M. Mack
       2 North Central Ave.
3      Suite 1800
       Phoenix, Arizona 85004
4      (602) 343-2710
5      Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "3"

COPY

MAY 1 9 2020

CLERK OF THE SUPERIOR COURT
L. GROENEVELD
DEPUTY CLERK

1  James M. Mack
2  James M. Mack, PLC
   State Bar No. 009505
3  2 North Central Ave., Suite 1800
4  Phoenix, Arizona 85004
   (602) 343-2710
5  jmack1@cox.net

6
   Attorney for Plaintiff
7

8          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9            **IN AND FOR THE COUNTY OF MARICOPA**
10

11  EZ VENTURES, INC. an Arizona      )    **No.**  CV2020-005931
    corporation,                      )
12                                    )    **COMPLAINT**
13            Plaintiff,              )
                                      )
14  v.                                )
                                      )
15                                    )
    PITA CORP, INC., an Arizona       )
16  corporation,                      )
                                      )
17            Defendant.              )
18                                    )
                                      )
19  _____  )

20

21      1. Plaintiff is an Arizona corporation duly organized and existing under the laws of

22  the State of Arizona and is duly authorized to transact business in the State of Arizona.

23      2. Defendant is an Arizona corporation duly organized and existing under the laws

24
    of the State of Arizona and is duly authorized to transact business in the State of Arizona.
25

26      3. This is an action on a debt evidenced by a written instrument, a copy of which is

27

28                              Page 1 of 3

attached as Exhibit A (hereafter the "Written Instrument").

4. The Written Instrument was executed by the parties in the County of Maricopa, State of Arizona. Venue in this Court is proper.

5. Plaintiff is the owner and holder of the Written Instrument.

6. Defendant is the Maker of the Written Instrument.

7. Plaintiff and Defendant agreed on several occasions to renew and extend the terms of the Written Instrument, the last renewal and extension having occurred in 2018 extended the date for payment of the debt to January 1, 2020.

8. Defendant has failed to pay the amount due and owing under the Written Instrument and is therefore in default of its obligation under the Written Instrument.

9. The principal balance remaining due and unpaid on the Written Instrument is $4,000,000.00. Interest on that amount at the rates provided by the Written Instrument before and after maturity is also due and unpaid.

10. The Written Instrument provides that if it is "placed in the hands of an attorney for collection after default, the Maker, agrees to pay, in addition to the unpaid principal and accrued but unpaid interest due or becoming due hereon, all costs and reasonable attorney's fees incured by the holder hereof in collecting or enforcing the payment of this Note."

11. This action arises out of a contract and, as a result, Plaintiff is entitled to recover its reasonable attorneys' fees and costs pursuant to A.R.S. §12-341.01. If

Page 2 of 3

Defendant fails to answer or otherwise defend this Complaint and judgment is rendered

by default, the reasonable attorneys' fees requested by Plaintiff are $10,000.00.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. In the principal amount of $4,000,000.00 with interest thereon at the rate of

10% per annum from February 8, 2005 until paid in full; and

B. In the amount of its reasonable attorneys' fees and costs plus interest thereon at

the maximum legal rate from the date of judgment herein until paid in full; and

C. For such other and further relief that the Court deems necessary or appropriate.

DATED this ___ day of May, 2020.

James M. Mack
2 North Central Avenue
Suite 1800
Phoenix, AZ 85004
(602) 343-2710
Attorney for Plaintiff

Page 3 of 3

**EXHIBIT A**

# PROMISSORY NOTE

$4,000,000.00

February 2, 2005
Phoenix, Arizona

FOR VALUE RECEIVED, PITACORP, INC., an Arizona corporation ("MAKER") promises to pay to EZ VENTURES, INC., an Arizona corporation, at 2710 West Bethany Home Road, Phoenix, Arizona 85017, the sum of Four Million Dollars and No Cents ($4,000,000.00) with interest thereon at the rate of ten percent (10%) per annum from the date hereof until paid in full.

Interest due hereunder shall be paid monthly with the first such payment due March 31, 2005. The entire principal balance, plus all accrued interest, shall be due and payable on or before February 28, 2007.

Payments received by EZ VENTURES, INC., or the holder hereof, fifteen (15) calendar days after the scheduled payment dates are subject to a late payment penalty equal to one percent (1%) of the past due amount but not less than Twenty-Five Dollars ($25.00) per late payment.

If Maker fails to fully and timely pay any installment when due hereunder or any other indebtedness of Maker's secured hereby, or shall fail to observe or perform any of the provisions or representations of the Loan Agreement, or of this Note, or the Security Agreement entered into in connection with this Note, or upon commencement of any bankruptcy insolvency proceedings involving Maker, the holder hereof will be entitled, after providing Maker written notice that Maker has (i) seven (7) calendar days to cure any monetary default pursuant to this Note or any other document given to secure same; and/or (ii) thirty (30) calendar days to cure any other default pursuant to this Note or any other document given to secure same, to declare the entire balance of the indebtedness evidenced by this Note to be immediately due and payable, and such holder may exercise any and all rights and remedies arising under this Note or as is otherwise available at law or equity. Notwithstanding anything herein to the contrary, the holder may, but shall not be required to, file an action to foreclose the Deed of Trust given to secure this Note. Such filing shall constitute acceleration of all principal and interest hereunder. Failure to accelerate payment under this Note will not constitute a waiver of the right to accelerate at any other time. No waiver of any payment or other right under this Note shall operate as a waiver of any of the payments or rights.

The Maker, as well as all persons who become liable hereon, severally waive presentment for payment, demand, protest, notice of protest, and notice of dishonor, and agree and consent that the time for payment of this Note or any payment hereunder may be extended or this Note renewed from time to time by agreement between the holder and any of them without notice, and that after such extension or extensions, renewal or renewals, the liabilities of all parties will remain as if no extension or renewal had been had.

If this Note is placed in the hands of an attorney for collection after default, the Maker, agrees to pay, in addition to the unpaid principal and accrued but unpaid interest due or becoming due hereon, all costs and reasonable attorney's fees incurred by the holder hereof in collecting or enforcing the payment of this Note.

Payment of the Note is secured by a Security Agreement, of even date herewith (the "Security Agreement"), encumbering certain tangible and intangible personal property of Maker (the "Property") in Maricopa County, Arizona. The Security Agreement is executed by PITACORP, INC. (The Note, Security Agreement and Loan Agreement, are sometimes collectively referred to below as the "Loan Documents.")

This Note shall be construed and interpreted according to laws of the State of Arizona.

This Note may be executed in counterpart originals which, when taken together, shall constitute one instrument.

Time is of the essence under this Note.

Any written notice required to be given to Maker shall be effective when mailed by U. S. mail, postage prepaid, return receipt requested, to Maker's mailing addresses given below or to Maker's most recent addresses as given in writing to Payee, or if hand-delivered to Maker, upon delivery; or if sent via fax to Maker at fax numbers furnished by Maker to Payee, upon receipt at Maker's fax machine:

Maker:

PITACORP, INC.
2710 West Bethany Home Road
Phoenix, Arizona 85017


PITACORP, INC., an Arizona corporation

By: _____
       Pamela S. Angal, its President

# EXHIBIT "4"

**PROOF OF SERVICE**

| Case:<br>S0900CV202000296 | Court:<br>NAVAJO COUNTY SUPERIOR COURT | County:<br>Navajo, AZ | Job:<br>4767833 (1908) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>PETER STROJNIK | | Defendant / Respondent:<br>WMH ENTERPRISES, LLC | |
| Received by:<br>Service Associates, LLC | | For:<br>STROJNIK | |
| To be served upon:<br>WMH Enterprises LLC | | | |

I, Tadd McCarley, being duly sworn, depose and say; I am over the age of 21 years and not a party to this action, and that within the boundaries of the State of Arizona, where service was effected, I was/am authorized by law to make service of the documents and inform said person of the contents herein

**Recipient Name / Address:** SHANE SHUMWAY, BROTHER OF STEVEN SHUMWAY AND GENERAL MANAGER OF HAMPTON HOTEL, A WMH PROPERTY, HAMPTON INN - SHOW LOW: 1501 E WOOLFORD RD, SHOW LOW, AZ 85901

**Manner of Service:** Corporation, Aug 12, 2020, 3:32 pm MST

**Documents:** SUMMONS, COMPLAINT and CERTIFICATE of COMPULSORY ARBITRATION (Received Aug 10, 2020 at 10:08am MST)

**Additional Comments:**
1) Unsuccessful Attempt: Aug 10, 2020, 3:53 pm MST at HOLIDAY INN EXPRESS-SHOW LOW: 151 W DEUCE OF CLUBS, SHOW LOW, AZ 85901
I WENT TO THE ADDRESS PROVIDED, WHICH IS THE HOLIDAY INN EXPRESS IN SHOW LOW BUT THE DESK MANAGER TOLD ME THAT THIS HOTEL WAS NO LONGER OWNED BY THE SHUMWAYS AND THAT STEVEN SHUMWAYS OFFICE IS NOW IN THE HAMPTON INN- SHOW LOW.

2) Successful Attempt: Aug 12, 2020, 3:32 pm MST at HAMPTON INN - SHOW LOW: 1501 E WOOLFORD RD, SHOW LOW, AZ 85901
Documents were received by SHANE SHUMWAY, BROTHER OF STEVEN SHUMWAY AND GENERAL MANAGER OF HAMPTON HOTEL, A WMH PROPERTY. Age: 39; Ethnicity: Caucasian; Gender: Male; Weight: 180; Height: 6'; Hair: Bald; Eyes: Brown; Other: A VERY IMPORTANT MAN, AND HAS THE AUTHORITY TO ACCEPT DOCUMENTS FOR WMH ENTERPRISES;

STEVEN SHUMWAY IS OUT OF TOWN BUT HIS BROTHER, SHANE SHUMWAY IS GENERAL MANAGER OF THE HAMPTON INN, A WMH PROPERTY, AND IS AUTHORIZED TOM ACCEPT DOCUMENTS FOR THE CORPORATION. I SERVED HIM

_Tadd McCarley_  8/13/20
Tadd McCarley          Date
NV201900002

Service Associates, LLC
P.O. Box 3771
Show Low, AZ 85902
928-251-1425

**FILED**

AUG 1 3 2020

NAVAJO COUNTY SUPERIOR COURT
DEANNE M. ROMO, CLERK

1908

# EXHIBIT "D"

1
2
3
4
5

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt  - 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

6    *Attorneys for Defendant*

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE DISTRICT OF ARIZONA**

10   Peter Strojnik,                                    No.

11              Plaintiff,

12   vs.                                                **VERIFICATION OF STATE
                                                        COURT RECORD**

13   WHM Enterprises, LLC, d/b/a
     Hampton Inn & Suites,

14
               Defendant.
15

16   State of Arizona           )
                                 ) ss
17   County of Maricopa          )

18           **VERIFICATION OF LINDSAY G. LEAVITT**

19        1.    Lindsay G. Leavitt, having been duly sworn upon my oath, declare and

20   state, under penalty of perjury, as follows:

21        2.    I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC,

22   attorneys for Defendant WHM Enterprises, LLC d/b/a Hampton Inn & Suites.

23        3.    On August 3, 2020, Plaintiff Peter Strojnik initiated the above-

24   captioned case in the Navajo County Superior Court of the State of Arizona, Case

25   No. S0900CV202000296 ("State Court Action").

26        4.    True and correct copies of all pleadings and other documents filed in

27   the State Court Action are attached to the Notice of Removal as Exhibits A to D.

28

5.     A true and correct copy of the Notice of Removal has been sent to the clerk of the court in the State Court Action, and written notice has been sent to Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

I verify under penalty of perjury that the foregoing is true and correct.

DATED this 28ᵗʰ day of August, 2020.

_____
Lindsay G. Leavitt

**SUBSCRIBED and SWORN to before me this _28ᵗʰ_ day of August, 2020.**

OFFICIAL SEAL
JEANNIE M. FRASER
Notary Public - State of Arizona
MARICOPA COUNTY
Comm. #557926 Exp. Jan. 13, 2023

_____
Notary Public

My Commission Expires:

January 13, 2023

2

# EXHIBIT "E"

1   Lindsay G. Leavitt – 029110
        Lleavitt@jsslaw.com
2   Jordan T. Leavitt  - 031930
        jleavitt@jsslaw.com
3   **JENNINGS, STROUSS & SALMON, P.L.C.**
        A Professional Limited Liability Company
4       One East Washington Street
        Suite 1900
5       Phoenix, Arizona  85004-2554
        Telephone: (602) 262-5911
6       MinuteEntries@jsslaw.com

7   *Attorneys for Defendant*

8                **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

9                    **IN AND FOR THE COUNTY OF NAVAJO**

| | |
|---|---|
| 10  PETER STROJNIK, | No. S0900CV202000296 |
| 11                 Plaintiff, | |
| 12  vs. | **NOTICE OF FILING REMOVAL** |
| 13  WMH Enterprises, LLC d/b/a Hampton Inn & Suites, | |
| 14                 Defendant. | |

15

16      **TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS
           ACTION**

17

18          Please take notice that on September 2, 2020, Defendant WMH Enterprises, LLC

19  d/b/a Hampton Inn & Suites filed in the United States District Court for the District of Arizona

20  a Notice of Removal to remove this action to that court.  A full and true copy of said Notice

21  of Removal is herewith served on you for filing attached as Exhibit "A".

22          RESPECTFULLY SUBMITTED this 2nd day of September, 2020.

23                                      JENNINGS, STROUSS & SALMON, P.L.C.

24                                      By  */s/  Lindsay G. Leavitt*
25                                          Lindsay G. Leavitt
                                            Jordan T. Leavitt
26                                          One East Washington Street, Suite 1900
                                            Phoenix, Arizona  85004-2554
                                            *Attorneys for Defendant*
27

28  . . .

7258028v1(69649.1)

1  Original of the foregoing E-Filed with the

2  Clerk of the Court and a Copy of the
   foregoing Emailed on this 2nd day of

3  September, 2020, to:

4  Peter Strojnik
   7847 N. Central Avenue
5  Phoenix, AZ 85020
   *Pro Per*
6

7  */s/       Tana Davis-Digeno*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2