Peter Strojnik
7847 North Central Avenue
Phoenix, Arizona 85020
602-524-6602
ps@strojnik.com

Attorney Pro Per

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Peter Strojnik, | Case No: 3:20-CV-08232-JJT |
|---|---|
| Plaintiff, | **MOTION THAT DEFENDANT PROVE REMOVAL JURISDICTION** |
| vs. | |
| WMH Enterprises, LLC, dba Hampton Inn & Suites | **and** |
| Defendants. | **ALL WRITS ACT MOTION FOR WRIT OF PROHIBITION AGAINST LINDSAY LEAVITT AND JENNINGS, STROUSS & SALMON, P.L.C.** |

## INTRODUCTION AND SUMMARY

Mr. Lindsay Leavitt habitually removes cases from the Superior Court to the District Court. Mr. Leavitt bears the burden of proving jurisdiction upon removal. *Abrego Abrego*, infra.

Immediately upon removal, Mr. Leavitt routinely embraces a completely opposite position. Instead of proving jurisdiction, he adopts the attitude that Plaintiff lacks standing and, consequently, District Court lacks jurisdiction. The best result Mr. Leavitt can achieve by his abuse of federal jurisdiction is utter futility: removal back to the Superior Court.

1  Mr. Leavitt's unconscionable routine imposes a severe, direct and unavoidable
2 costs on the District Court.  As the 7th Circuit Court of Appeals commented, " **the**
3 **dubious practice [of removing a case from state court to district court and then**
4 **moving to dismiss for lack of standing]" results "in a significant waste of federal**
5 **judicial resources, much of which [is] avoidable**". *Collier v. SP Plus Corporation*, 889
6 F. 3d 894, 897 (7th Cir. 2018) (citing cases).
7  Plaintiff respectfully requests that Mr. Leavitt offer proof of jurisdiction before
8 the District Court wastes any more time on this case. Further, in aid of its own
9 jurisdiction, the District Court should enter an All Writs Act prohibition against Mr.
10 Leavitt's unprincipled practice.

**MEMORANDUM**

Plaintiff Peter Strojnik brings the instant Motion pursuant to the All Writs Act, 28 U.S.C. §1651(a) ("AWA"), which authorizes the district court to "issue all writs necessary or appropriate in aid of [its] jurisdiction and agreeable usages and principles of law." The grounds for this Motion are that Defendant's counsel, Lindsay Leavitt, has engaged in a deceptive and manipulative scheme of removing Plaintiff's civil rights claims from State Court to federal court when federal court does not have jurisdiction. Stated another way, Mr. Leavitt has engaged in a scheme of removing state court cases to federal court only to immediately thereafter file motions or affirmative defenses claiming that federal court does not have jurisdiction. Mr. Leavitt files the same cut-and-paste removal notices, the same cut and paste Answers and the same cut and paste lack of standing defense in every case[1].

---

[1] *See, e.g.,* Answers filed by Mr. Leavitt in the following cases: 3:20-cv-08328-DWL, 3:20-cv-08328-DWL, 3:20-cv-08319-DJH, 3:20-cv-08313-MTL, 3:20-cv-08232-JJT, 2:20-cv-02352-DWL, 2:20-cv-02065-DLR, 3:20-cv-08264-JJT, 4:20-cv-00331-JGZ, 3:20-cv-08317-JAT, 2:20-cv-00343-DMF.

The purpose of Mr. Leavitt's scheme is to avoid litigating cases on the merits in the Maricopa County Superior court that has twice held that Plaintiff has standing and that his claims are not subject to dismissal. Exhibits 1 and 2.

**I.   FACTUAL BACKGROUND**

The jurisdiction of this Court is under assault by Defendant's counsel Lindsay Leavitt. It is true that civil rights plaintiffs are viewed with "skepticism" and "hostility"[2], but it is also true that in the Ninth Circuit, District Courts follow the overall broad interpretation of the ADA standing[3]. Specifically, Mr. Leavitt tactically removes Superior Court actions to the District Court claiming jurisdiction only to immediately thereafter move to dismiss for lack of jurisdiction or, in this case, assert lack of jurisdiction in his Answer. *Compare* Leavitt's Notice of Removal Dkt. at 1 (federal court *has* jurisdiction) *with* Leavitt's Answer Dkt. at 7 (federal court *does not* have jurisdiction).

The practice of removing cases on federal jurisdiction ground immediately followed by a claim that the district court really *has no* jurisdiction is a wasteful misuse of this Court jurisdiction and diametrically contrary to the purposes of the AWA. The unethical and abusive scheme of removing a case on jurisdictional grounds and immediately thereafter claiming there is no jurisdiction is detrimental to everyone involved and constitutes a fraud on the Court. Most importantly, the dubious practice of removing a case from state court to district court and then moving to dismiss for lack of

---

[2] The Honorable District Court Judge Melinda Harmon that "a number of courts addressing Title III cases have been skeptical, and even hostile" to ADA claimants. *See Gilkerson v. Chasewood Bank*, 1 F.Supp .3d 570, 596-97 (S.D. Tex., 2014). It is quite possible that Mr. Leavitt removals are no more furtive missions to determine whether a particular judge will give Plaintiff skeptical or hostile treatment.

[3] The 9th Circuit Court of Appeals has stated that even plaintiffs who hunt for ADA violations have standing. *Gordon v. Virtumundo, Inc*., 575 F. 3d 1040, 1043 (9th Cir. 2009) ("[W]e accord standing to individuals who sue defendants that fail to provide access to the disabled in public accommodation as required by the Americans with Disabilities Act ("ADA"), even if we suspect that such plaintiffs are hunting for violations just to file lawsuits", (Citing cases)

1  standing results "in a significant waste of federal judicial resources, much of which [is]
2  avoidable". *Collier,* 889 F. 3d at 897. In addition, Mr. Leavitt's clients must pay for a
3  futile act of removal and Plaintiff must spend untold hours and effort in time and
4  resources in responding to the wrongful removal.
5       Mr. Leavitt's motive in filing removals is based on Mr. Leavitt's knowledge that
6  the Maricopa County Superior Court has soundly rejected claims of lack of standing.
7  Twice. *See* Exhibits 1 and 2 (Superior Court's Denials of Rule 11(b)(1) and 11(b)(6)
8  motions). To be clear, the Superior Court *has* jurisdiction over Plaintiff's claims. Mr.
9  Leavitt's purpose of removing a case to the District can only be accomplished through a
10 misrepresentation of federal court's jurisdiction in the removal papers followed by a
11 casual denials.
12      Thus far, three of Mr. Leavitt's removals have been remanded back by Judge
13 Logan in three separate case. *See* Exhibits 3-5. That is the proper remedy in response to
14 Mr. Leavitt's unethical and abusive scheme. In another case, however, Mr. Leavitt's
15 abusive plan was successful - Judge Humetewa declined to remand and declared Plaintiff
16 a vexatious litigant…*in a case that Plaintiff did not file in federal court and which was*
17 *not properly removed*. Exhibit 6. Judge Humetewa's decision is addressed more fully
18 below.
19      Mr. Leavitt's dubious practice of removing state actions to federal court and then
20 claiming lack of jurisdiction has an immediate and severe impact on the jurisdiction of
21 this Court. Mr. Leavitt's "dubious practice" must be stopped pursuant to the All Writs
22 Act.
23    **A. <u>Mr. Leavitt's Scheme Constitutes a Fraud on This Court</u>**
24      Mr. Leavitt's practice of removing non-removable cases is well documented. *See*,
25 *e.g*. Exhibits 3, 4, 5, 6 and cases cited in footnote 1. The removals are motivated by Mr.
26 Leavitt's knowledge that the Maricopa County Superior Court's consistent rulings that
27 Plaintiff has standing and that his complaints are not subject to dismissal. Exhibits 1 and
28

4

2. Mr. Leavitt also likes to file motions to declare Plaintiff a vexatious litigant, a practice that has been soundly rejected by the Superior Court on two separate occasions. Exhibits 7 and 8. It is evident that Mr. Leavitt's practice of wrongful removals is designed to circumvent Superior Court's well-reasoned decisions. It is also evident that his removals cause significant harm to this Court's jurisdiction. The most detrimental effect, however, is on Mr. Leavitt's clients who have to pay his law firm to satisfy Mr. Leavitt's personal motives.

B. **Mr. Leavitt was the primary actor in the *Driftwood* consolidated cases.**

This section is not intended as a critique of Judge Humetewa's rulings although her decision is currently subject to a Motion for a New Trial as a preface to an appeal to the Ninth Circuit Court of Appeals. It is provided for context of Mr. Leavitt's consistent abuse of District Court's jurisdiction.

*Strojnik v. Driftwood,* 2:20-cv-01532-DJH, is a consolidated case involving three separate ADA defendants, one of whom was represented by Mr. Leavitt. Judge Humetewa presided. In *Driftwood*, Mr. Leavitt removed the case from the Superior Court to the District Court *claiming* federal jurisdiction. Almost immediately thereafter, he filed a motion to dismiss for *lack of* federal jurisdiction. Mr. Leavitt knew that this the District Court has previously remanded several of his prior removals of Plaintiff's cases and knew that the Superior Court had previously denied similar motions to dismiss filed in federal court after his improper removals. Exhibits 1 and 2. To add gravitas, Mr. Leavitt also filed a separate motion claiming that Plaintiff's complaint *filed in the Superior Court* was vexatious. Mr. Leavitt knew that the Maricopa County Superior Court had previously addressed similar motions that each time the motions were denied. Exhibits 7 and 8. Mr. Leavitt also knew that pursuant to the Rules of Decisions Act, 28 U.S.C. §1652 and the Anti Injunction Act, 28 U.S.C. §2283, the District Court was powerless to enjoin Superior Court from considering Plaintiff cases filed there. Plainly and simply, Mr. Leavitt forum shops…*and he commits a fraud on this federal court when doing so*.

In the *Driftwood* consolidated cases, Mr. Leavitt's motion to dismiss and his vexatious litigant motion were made in spite of Judge Humetewa's prior rulings. *Fressadi v. Glover,* D.C.Ariz. 2:16-cv-03260-DJH at Dkt. 343, Exhibit 9, is most illustrative. According to Judge Humetewa's *Fressadi* decision, if the District Court lacks removal jurisdiction, the case must be remanded back to the Superior Court. According to *Fressadi,* any decree subsequent to the finding of lack of jurisdiction "is void and the continuation of the litigation in federal court futile". Judge Humetewa stated at 10:27 – 11:5:

> "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Judge Humetewa had also previously acknowledged (on at least two separate occasions) that where an ADA case is removed from state court to federal court, but the federal court finds lack of constitutional standing, the federal court's only option is to remand back to state court. *See Advocates for Individuals with Disabilities v. 1548 Main LLC*, D. Ariz. No. 2:16-cv-02169-DJH at Dkt. at 20 (Exhibit 10) ("1548 Main"); *accord*, Exhibit 11.

In *1548 Main*, Judge Humetewa was adamant that the sole option a district court has when it finds lack of jurisdiction over a removed state court action is to remand:

> The constraints of Article III "do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when the address issues of federal law." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). A plaintiff who fails to establish Article III standing to bring suit in federal court is not necessarily barred from pursuing the same suit in state court.

6

*Id*. at 5:19-24. Judge Humetawa was correct. Through her prior decisions, she set a personal precedent. She went further in her analysis that a federal court's sole option is to remand, *not to dismiss with prejudice*:

> As a result, the Court will remand rather than dismiss this case for lack of standing. In remanding, the Court will not dismiss the federal ADA claims because state courts have concurrent jurisdiction over those claims and the state courts may decide whether Plaintiffs have sufficient standing to pursue them. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) ("we conclude that Congress did not divest the state courts of their concurrent authority to adjudicate [civil actions brought under Title VII of the Civil Rights Act of 1964]"); *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) ("State courts have concurrent jurisdiction over ADA claims"); *Jones v. Illinois Cent. R. Co.*, 859 F. Supp. 1144, 1145 (N.D. Ill. 1994) (interpreting *Yellow Freight*, "it necessarily follows that the state courts have concurrent jurisdiction over ADA claims as well"); *Krouse v. Am. Sterlizer Co.*, 872 F. Supp. 203, 205 (W.D. Pa. 1994) ("it appears to be solidly established that state courts have concurrent jurisdiction over ADA cases.").

*Id*. at 6:15-27. As shown above and in Exhibit 11, Judge Humetewa personally established that where a federal court does not have jurisdiction over a removed state court filing, its only option is to remand it back to state court. District Court has no further "jurisdiction" to consider the merits and dismiss "with prejudice".  Nor does the District Court have jurisdiction to enjoin State's Superior Courts from considering Plaintiff's cases filed there.

Also in *1548 Main*, Judge Humetawa was clear that "maintaining consistency among rulings in similar cases within the district" is of the utmost importance. *Id*. at 2:26-27.  Despite Judge Logan Orders, Exhibits 3-5, and her own prior orders, Exhibits 9, 10 and 11, Judge Humetewa reversed her position involving Plaintiff. Her ruling, Exhibit 6, is a rejection of her prior tribute to "consistency among rulings in similar cases".  Knowing all of this, Mr. Leavitt continued with his forum-shopping scheme and still sought more favorable judges even though the Superior Court properly had jurisdiction, just like in this case.

II.  **ANALYSIS**

   A. <u>**Defendant Carries the Burden to Prove Jurisdiction Upon Removal**</u>

It is very well-established that upon removal, the burden of proving removal jurisdiction is on the removing defendant. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006) (burden of proving removal jurisdiction is on Defendant); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."); *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). If there is any doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive Specialty Ins. Co*., 319 F.3d 1089, 1090 (9th Cir. 2003).

Mr. Leavitt's scheme, however, is to misrepresent, not prove, District Court's jurisdiction. He does so despite many of his other prior removals being rejected and remanded to superior court. *See* Exhibits 3, 4, 5 and 6. Yet he keeps on removing.

   B. <u>**Mr. Leavitt Sabotages His Own Argument by Asserting Lack of Jurisdiction**</u>

In his removal notice in this case, Dkt. at 1, Mr. Leavitt contended that federal court had jurisdiction over Plaintiff's claims. He represented that the contention of federal jurisdiction was warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b)(2). Yet, almost immediately after removal, Mr. Leavitt filed the Answer, Dkt. 7, where he contends that the District Court has no jurisdiction. The two positions are diametrically inconsistent. Either Mr. Leavitt's jurisdictional contention in the removal notice was true, or the subsequent contention of lack of jurisdiction is true.  Both cannot be.  Asserting a contention that the district court has jurisdiction, and then arguing against its own position, constitutes bad faith. Issuing a writ of prohibition against this misuse is "appropriate in aid of [District Court's] jurisdiction". 29 U.S.C. § 1651(a). At

the very minimum, once Mr. Leavitt realized that his contention of jurisdiction was wrong, i.e., when he filed the Answer asserting lack of jurisdiction, his obligation was to withdraw the notice of removal and agree to remove the entire case back to the Superior Court. He did not do this.

### C. **Mr. Leavitt's Manipulative Scheme Constitutes a Fraud on this Court.**

Mr. Leavitt is well aware of the consequences of wrongful removals. As indicated above, the dubious practice of removing a case from state court to district court and then moving to dismiss for lack of standing results in a significant waste of federal judicial resources, much of which [is] avoidable. *Collier,* 889 F. 3d at 897. Further, as Judge Humetewa herself previously noted, the removal statutes are designed to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party". Exhibit 10 at 7:26 – 8:9.

To date, Mr. Leavitt remains undeterred from filing improper removals.

### D. **Mr. Leavitt Enriches Himself and His Law Firm While Defendant Pays for the Manipulative Scheme**

An attorney's first duty is to his client. In the *Driftwood* consolidated matter, Mr. Leavitt filed a motion for lawyer's fees disclosing that his clients paid him $38,618 for the removal of a case that he knew was improper, and then moving to dismiss for lack of jurisdiction.

The same consequence is present here: Mr. Leavitt will be enriched by the improper removal, his client will be impoverished by having to pay $38,618, and the District Court will have to spend its valuable time and resources dealing with Mr. Leavitt's artful strategy.

### E. **The True Purpose of Mr. Leavitt's Improper Removals is to Avoid Superior Court Prior Decisions Finding (1) Plaintiff Has Standing, (2) His Complaints are Not Subject to Dismissal, and (3) Plaintiff is Not a Vexatious Litigant**

As indicated above, Mr. Leavitt knows that the Maricopa Superior Court had issued judicially sound decisions regarding Plaintiff's standing. *See* Exhibits 1-2

9

(Superior Court's denials of motions to dismiss under Ariz. R. Civ. P, 12(b)(1) and 12(b)(6)) and Exhibits 7 and 8. (Superior Court's denials of motions to declare Plintiff a vexatious litigant). Mr. Leavitt's removal notices disclose his motive of improper forum shopping.

### F. The District Court Suffers an Unwarranted and Unethical Breach of its Own Jurisdiction So That Mr. Leavitt Can Enrich Himself While Forum Shopping

$38,618 paid to Mr. Leavitt by his client in the *Driftwood* matter bought a lot of paper. The District Court had to read each page of each paper. District Court reviewed significant volume of legal precedent to conduct a learned review. For every hour of Mr. Leavitt' time spent drafting papers, the Court's analysis takes up equivalent time in review. Where, as here, Mr. Leavitt avows that District Court has jurisdiction only to attack the district court's jurisdiction immediately afterward, he engages in the artful practice worthy of serious sanctions.

### G. The Effect on Plaintiff's Continued Fight for Equal Protection is Devastating

Mr. Leavitt's clearly ascertainable strategy is to first claim jurisdiction followed by a motion to dismiss for lack of jurisdiction. Such strategy is not only unethical and immoral, but it violates clear ADA prohibition against retaliation, interference, coercion and intimidation[4]. In the *Driftwood* consolidated cases, Mr. Leavitt immediately circulated judge Humetewa's decision, Exhibit 6, among ADA defense bar in a perverse victory dance. Mr. Leavitt immediately called his old friend at Channel 15, Mr. Biscobing[5], who blared it on the evening news. The effect? Plaintiff is the sole remaining ADA enforcement mechanism in the State of Arizona. If this is what the Court wants, it should deny this Motion.

---

[4] *See* 42 U.S.C. §12203 and 28 C.F.R. 36.206.

[5] Mr. Biscobing is local Channel 15's resident fake news guy whose entire professional life has been invested in being profoundly annoying.

**CONCLUSION AND PRAYER FOR RELIEF**

Mr. Leavitt's practice of wasting District Court's resources through baseless removals is not an appropriate act in aid of District Court's jurisdiction. It is exactly the opposite. Mr. Leavitt was motivated to remove the case from the Superior Court because he knew that his motions to dismiss would be denied there, and because he hoped that his misuse of District Court's jurisdiction could bring him a better result. Mr. Leavitt and his firm should be enjoined from removing any case filed by Strojnik in the Superior Court and then claiming that the district court lacks jurisdiction.

Plaintiff requests that the District Court issue an appropriate writ of prohibition and enter sanctions. Mr. Leavitt should be personally sanctioned by an order requiring him to contribute $100.00 to a 501(c)(3) organization for the disabled.

RESPECTFULLY SUBMITTED this 1st day of February 2021.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

ECF filed this 1st day of February 2021 thence to be distributed through PACER.
/s/